AO 106 (Rev. 04/10) Application for a Search Warrant

FILED
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS
Dec 20, 2023
OFFICE OF THE CLERK

# UNITED STATES DISTRICT COURT
for the
Western District of Arkansas

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
THE APPLICATION OF THE UNITED STATES OF ) Case No. 2:23 CM -00071
AMERICA FOR AUTHORIZATION TO OBTAIN LOCATION )
DATA CONCERNING A CELLULAR TELEPHONE )
ASSIGNED CALL NUMBER (918) 208-3910 )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
See Attachment A. This court has authority to issue this warrant under 18 U.S.C. §§ 2703(c)(1)(A) and 2711(3)(A) and Federal Rule of Criminal Procedure 41.

located in the ___unknown___ District of _____, there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 841(a)(1) | Distribution, Possession With Intent to Distribute Controlled Substances (methamphetamine) |
| 21 U.S.C. 846 | Conspiracy |

The application is based on these facts:

See Attached Affidavit of DEA SA Andrew Chronister.

☑ Delayed notice of __30__ days ☑ (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.
**30 days is intended to be from the termination of the collection of data.

ANDREW CHRONISTER  Digitally signed by ANDREW CHRONISTER
Date: 2023.12.20 09:32:56 -06'00'

*Applicant's signature*

DEA SA Andrew Chronister
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 12/20/23

*Judge's signature*

City and state: Fort Smith, Arkansas          Hon. Mark E. Ford, U.S. Magistrate Judge
*Printed name and title*

## ATTACHMENT A

### Property to Be Searched

1. The cellular telephone assigned call number **(918) 208-3910**, with listed subscriber(s) unknown (the "Target Cell Phone"), whose wireless service provider is **T-Mobile**, a company headquartered at 4 Sylvan Way Parsippany-Troy Hills, New Jersey 07054.

2. Records and information associated with the Target Cell Phone that is within the possession, custody, or control of **T-Mobile.**

## ATTACHMENT B

### Particular Things to be Seized

**I.     Information to be Disclosed by the Provider**

All information about the location of the Target Cell Phone described in Attachment A for a period of forty-five days, during all times of day and night. "Information about the location of the Target Cell Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of **T-Mobile**, **T-Mobile** is required to disclose the Location Information to the government. In addition, **T-Mobile** must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with **T-Mobile**'s services at such intervals and times directed by the government. The government shall compensate **T-Mobile** for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

## II.  Information to Be Seized by the Government

All information described above in Section I that will assist in monitoring the location of **Justin Hendricks**, who is actively under investigation for distribution and conspiracy to distribute of methamphetamine in violation of Title 21 U.S.C. 841(a)(1) & 846.

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS

| IN THE MATTER OF THE SEARCH OF THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER **(918) 208-3910** | **Filed Under Seal** |
|---|---|

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION FOR A SEARCH WARRANT

I, **Andrew Chronister**, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number **(918) 208-3910**, used by Justin Hendricks, with listed subscriber Loy W Hendricks (the "Target Cell Phone" of "target telephone"), whose service provider is **T-Mobile**, a wireless telephone service provider headquartered at 4 Sylvan Way Parsippany-Troy Hills, New Jersey 07054. The Target Cell Phone is described further in Attachment A, and the location information to be seized is described herein and in Attachment B.

2. Because this warrant seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), the requested warrant is designed to also comply with the Pen Register Act. *See* 18 U.S.C. §§ 3121-3127. The requested warrant therefore includes all the information required to be included in an order pursuant to that statute. *See* 18 U.S.C. § 3123(b) (1).

3. I am a Special Agent with the Drug Enforcement Administration (DEA), and has been employed in this capacity since April 2018. I am currently assigned as a Special Agent to the Fort Smith Post of Duty Office in Fort Smith, Arkansas. Before being employed with the DEA, I

1

was employed by the Kansas City, Kansas Police Department from December 2012, to April of 2018.

4. During my employment with the DEA and Kansas City, Kansas Police Department, I have had formal training and experience in the investigation of controlled substances and I am familiar with the manner in which controlled substances, including marijuana, cocaine, methamphetamine, and other controlled substances, are packaged, distributed, consumed and how they are identified. I have participated in executing numerous arrests and search warrants for violations involving such substances. In the course of my employment, I have become familiar with the ordinary meaning of controlled substances slang and jargon, and I am familiar with the manners and techniques of traffickers who distribute controlled substances. I have also received training from experienced DEA Special Agents and other narcotics officers in the investigation of major drug traffickers.

5. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

6. Based on the facts set forth in this affidavit, there is probable cause to believe that Justin Hendricks, the user of the target telephone, has violated laws relating to a conspiracy to distribute methamphetamine in violation of Title 21 U.S.C. § 841(a)(1), all in violation of Title 21 U.S.C. § 846. Hendricks is currently under investigation for these crimes.

## PROBABLE CAUSE

7. The United States, including the DEA, is conducting a criminal investigation of Justin Hendricks, the user of the target telephone, and others known and unknown regarding

violations of conspiracy to distribute methamphetamine in violation of Title 21 U.S.C. 841 (a)(1), all in violation of Title 21 U.S.C. 846.

8. A DEA confidential source, who will be referenced throughout this affidavit as "CS" has been utilized in this investigation. CS has been working as a source for the DEA since October of 2023 and receives consideration in the form of cash payments. The CS has a criminal history including charges for possession of methamphetamine, shoplifting, driving while intoxicated, failure to appear, and aggravated assault on a family/household member with the last offence occurring in August of 2023. The CS's information has been corroborated through surveillance, examination of telephone toll records, and controlled purchases of methamphetamine by the CS. As such, I believe CS's information can be trusted as reliable.

9. In a previous debriefing of the CS, the CS provided the target telephone as a telephone number utilized by Justin Hendricks to traffic methamphetamine. On December 18, 2023 the CS was directed to arrange a controlled purchase of two ounces of methamphetamine from Hendricks for $400. The CS sent the following text messages to Hendricks on the target cell phone, screenshots of which have been retained as evidence by the DEA:

> CS: I got all of it tomorrow if you can get two zips I'll pay 700 that would cover my debt plus 100 if so but my friend wont b here till tomorrow. Can u do that
>
> CS: ??

10. On December 19, 2023 Hendricks sent the following response to the CS from the target cell phone, screenshots of which have been retained as evidence by the DEA:

> JH: Yeah I just got to have the money to got another guy coming in this morning bringing his money, it would be better if I can do it all at one time, so the earlier the better.
>
> CS: The thing is I can't get the money and send it, but I was trying to hurry and get u paid and this would have been good way to do it. If u can get

> two zips today I can get you 700.00 and that would help you out. They would wait at my house while I came and did biz with u.
>
> JH: I can't get shit without the money right now. If you can get the money it will take me about 35 minutes to get it, but that's all I can do, I've got so much money out right now that is the only way I can fuck with him.

Based upon my training, experience, and knowledge of this investigation, I believe these texts represent the CS requesting two ounces of methamphetamine on credit, for which the CS will later pay Hendricks $700, $400 of which will be for the two ounces of methamphetamine and the remaining $300 for money owed to Hendricks by the CS for methamphetamine previously provided by Hendricks to the CS on credit. In response, I believe based on my training, experience, and knowledge of this investigation that Hendricks is telling the CS that he can't get methamphetamine at the moment without paying his own supplier for it upon receipt because Hendricks owes too much money to his methamphetamine supplier and as a result cannot obtain methamphetamine on credit.

11. The target cell phone utilized by Hendricks, as mentioned previously, has a call number of (918) 208-3910. Although T-Mobile subscriber information shows the target telephone is subscribed in the name of Loy W. Hendricks with an address of 204 Farris Ave Pocola, OK 74902, I believe based upon my investigation into the target cell phone that Justin Hendricks has used it since at least May of 2023. On May 24, 2023 and October 4, 2023 Hendricks was booked into the Crawford County Jail in Van Buren, Arkansas. On both occasions, Hendricks provided the booking deputies with the target number as his contact number.

12. Based upon the aforementioned paragraphs, I believe that Justin Hendricks is both the user of the target cell phone and he utilizes it for methamphetamine trafficking purposes. I believe the location information sought for the target cell phone will provide evidence on Justin Hendricks' source of methamphetamine supply, to include the source's identity and location; and

will provide information on any other customers to whom Justin Hendricks is providing methamphetamine for resale purposes.

13.  In my training and experience, I have learned that T-Mobile is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including E-911 Phase II data, also known as GPS data or latitude-longitude data and cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. [Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data.

14.  Based on my training and experience, I know that T-Mobile can collect E-911 Phase II data about the location of the Target Cell Phone, including by initiating a signal to determine the location of the Target Cell Phone on T-Mobile's network or with such other reference points as may be reasonably available.

15.  Based on my training and experience, I know that T-Mobile can collect cell-site data about the Target Cell Phone. Based on my training and experience, I know that for each

communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer connected at the end of the communication; and (5) the duration of the communication. I also know that wireless providers such as T-Mobile typically collect and retain cell-site data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business-related purposes.

## AUTHORIZATION REQUEST

16. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

17. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cell Phone would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a (b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a (b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a (b)(2).

18. I further request that the Court direct **T-Mobile** to disclose to the government any information described in Attachment B that is within the possession, custody, or control of **T-Mobile**. I also request that the Court direct **T-Mobile** to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with **T-Mobile**'s services, including by initiating a signal to determine the location of the Target Cell Phone on **T-Mobile**'s network or with such other reference points as may be reasonably available, and at such Intervals and times directed by the government. The government shall reasonably compensate **T-Mobile** for reasonable expenses incurred in furnishing such facilities or assistance.

19. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cell Phone outside of daytime hours.

Respectfully submitted,

**ANDREW CHRONISTER**
Digitally signed by ANDREW CHRONISTER
Date: 2023.12.20 09:33:47 -06'00'

Andrew D. Chronister
DEA Special Agent

Subscribed and sworn to before me on December 20, 2023

_____
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

7